# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**RICHARD C FITZPATRICK,**

      **Plaintiff,**

**v.**                                              **Case No: 5:19-cv-623-Oc-30PRL**

**ROBERT WILKIE and DEPARTMENT
OF VETERANS AFFAIRS,**

      **Defendants.**

---

## REPORT AND RECOMMENDATION[1]

Before the Court is *pro se* Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 2). By prior order, the Court conducted a frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted Plaintiff until February 10, 2020 to file an amended complaint. (Doc. 5). Plaintiff has now filed an amended complaint claiming that the Department of Veterans Affairs North Texas subjected him to a hostile work environment and discriminated against him because of his race, sex, age, and disability. (Doc. 8).

### I.    Background

Plaintiff, a white male who was born in 1950, was employed as a peer support specialist at the Department of Veterans Affairs North Texas Healthcare in Dallas, Texas (the "VA"). Although Plaintiff's complaint provides little information about the details behind this action, he attached a brief that was drafted by an attorney representing him for proceedings before the Equal

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Employment Opportunity Commission ("EEOC"). (Doc. 8, ex. 1). The Court will consider the allegations detailed in the brief as part of Plaintiff's complaint. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (considering exhibits attached to a complaint as "part of the pleading 'for all purposes'") (quoting Fed. R. Civ. P. 10(c)).

Prior to commencing this action, Plaintiff filed a complaint with the EEOC, an administrative law judge ("ALJ") issued a decision without a hearing, and the VA issued a final decision adopting the ALJ's order. (Doc. 8). Plaintiff's request for reconsideration was denied by the EEOC. (Doc. 1). Plaintiff then filed the instant action against Robert Wilkie, Secretary of the Department of Veteran's Affairs. [2] Plaintiff purports to allege violations of the ADA and Rehabilitation Act for failure to timely respond to his request for an accommodation, as well as claims for a hostile work environment, employment discrimination, and age discrimination. (Doc. 8). Plaintiff claims he experienced trauma, physical and mental stress, anxiety, depression, pain and suffering, and financial harm. Plaintiff seeks $300,000 in damages. (*Id.*).

## II.    Legal Standard

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

---

[2] Suit against an agency employee in his official capacity is actually a suit against the agency itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Plaintiff's claims against Defendant McDonald are claims against the United States Department of Veterans Affairs.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555..

## III.   Discussion

As an initial matter, Plaintiff's complaint fails to comply with Rule 8's requirement that the complaint contain a "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint does not include a statement "of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). In fact, without the attached brief,

Plaintiff's complaint does not contain any allegations of misconduct done by his employers. (Doc. 8). Additionally, Plaintiff failed to "state [his] claims or defenses in numbered paragraphs" and instead provided a brief from an attorney representing him in front of the EEOC to provide the factual circumstances behind his allegations. Fed. R. Civ. P. 10(b).

Plaintiff claims that the VA discriminated against him by failing to timely provide him with an accommodation for his disability. To state a claim for failure to accommodate, Plaintiff must allege (1) that he has a disability, (2) he is otherwise qualified for the position, and (3) he was subjected to unlawful discrimination by way of Defendant's failure to provide reasonable accommodation. *Solloway v. Clayton*, 738 F. App'x 985, 987 (11th Cir. 2018); *Palmer v. McDonald*, 624 F. App'x 699, 705 (11th Cir. 2015). An individual has a "disability" if he has (a) "a physical or mental impairment that substantially limits one or more major life activities," (b) "a record of such an impairment," or (c) is "regarded as having such an impairment. 29 U.S.C. § 705(20)(B).

Courts have found disability claims insufficient where the plaintiff only stated the existence of physical ailments, but failed to demonstrate substantial limitations of any major life activities. *Garcia v. Goodwill Indus. of S. Fla., Inc.*, No. 18-25042-CIV, 2019 WL 6052814, at *2 (S.D. Fla. Nov. 15, 2019). A plaintiff must allege facts explaining *how* the alleged ailment substantially limits a major life activity. *Id.*

Plaintiff's allegations regarding disability are insufficient because they fail to state the effect of the alleged impairments on his major life activities. Plaintiff simply alleges that he needed an accommodation because he has "bad eyes, carpel tunnel, a dislocated shoulder, . . . a degenerated lower and upper spine, . . . [and] peripheral neuropathy." (Doc. 8, ex. 1). A mere list of health problems, absent the necessary well-pled factual allegations regarding how any major

life activities are impacted by his alleged disabilities, is insufficient to allege a disability. *See Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) (finding that a plaintiff's disability discrimination claim failed where she failed to allege that her impairments substantially limited her major life activities, had a record of the impairment, or was regarded as having the impairment). "[I]t is not sufficient simply to cite to various health problems and an adverse employment result." *Marsh v. Georgia Dep't of Behavioral & Health Developmental Disabilities,* No. CV410-273, 2011 WL 806423, at *1 (S.D. Ga. Feb. 14, 2011), *report and recommendation adopted*, No. CV410-273, 2011 WL 806658 (S.D. Ga. Mar. 2, 2011). Plaintiff's claim for disability discrimination fails because he has not sufficiently alleged that he has a disability.

Plaintiff also claims that he was subjected to a hostile work environment because of his race, sex, disability, and reprisal. (Doc. 8). However, Plaintiff alleged no instances from the workplace in which harassment was objectively sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment. *Palmer v. McDonald*, 624 F. App'x 699, 704 (11th Cir. 2015).

To state a claim for hostile work environment, a plaintiff must allege that (1) he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment was based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248 (11th Cir. 2014).

Plaintiff claims that his immediate supervisors, Ms. Robinson and Dr. Baskin, would direct acts of "racial, derogatory, and abusive treatment" toward him. (Doc. 8, ex. 1). Ms. Robinson

referred to Plaintiff as the "white PSS" (peer support specialist) on three occasions in a three-month period, she would ask Plaintiff why he wanted to work in a majority-black workplace, and at one point she stated her approval of murders of five police officers amidst protests against the police. (Doc. 8, ex. 1). Plaintiff also contends that Ms. Robinson "became snippy and defensive" at times when he sought clarification of his job duties. (*Id.*). Dr. Baskin offended Plaintiff when he failed to recognize Plaintiff's contribution to a nine-week course, and then Dr. Baskin reprimanded Plaintiff for sending an email out to the entire VA clinic without approval. (*Id.*). Plaintiff also claims that Dr. Baskin twice punched him in the shoulder because of the email he sent out. (*Id.*).

In evaluating the objective severity of the harassment, courts consider "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Brathwaite v. Sch. Bd. of Broward Cty., Fla.*, 763 F. App'x 856, 859 (11th Cir. 2019).

The conduct Plaintiff complains of is not so severe or pervasive that it altered the terms and conditions of his employment and created an abusive working environment. First, Plaintiff does not allege that any of the conduct occurred frequently, but merely alleges a few instances that Ms. Robinson said some racially charged statements to him in his nearly eight months of employment with the VA. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002) (holding that the use of ethnic slurs "three to four times a day" for one month was frequent).

Second, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998). Ms. Robinson's

conduct, while perhaps unbecoming and unprofessional, is not severe enough to create a hostile work environment. *Brathwaite*, 763 F. App'x at 859. Dr. Baskin punching Plaintiff is inappropriate, however, it is not severe enough to satisfy a hostile work environment claim. Plaintiff only alleged that it occurred two times during a single encounter, and did not allege that he sustained any injuries. *Id.* (finding that a physical altercation between a plaintiff and another employee was not severe enough to create a hostile work environment because it only lasted for three seconds, no intervention was needed, and the plaintiff did not sustain any serious injuries).

Third, Ms. Robinson's statements, including calling Plaintiff a "white PSS," do not amount to any more than offensive utterances. *Id.* (finding that racially charged comments such as "black bitch" are no more than offensive utterances). And finally, Plaintiff has not alleged that any of the conduct he complains of interfered unreasonably with his job performance. Therefore, Plaintiff's hostile work environment claim fails because he the conduct Plaintiff complains of was not so severe or pervasive to create an abusive working environment. *Id.*

Although unclear from his complaint, it appears that Plaintiff is also purporting to allege employment discrimination under Title VII. To state a claim under Title VII, Plaintiff must allege that (1) he belongs to a protected class, (2) he was qualified to do the job, (3) he was subjected to an adverse employment action, and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir.2008). An "adverse employment action" is a "serious and material change in the terms, conditions, or privileges of employment." *Palmer v. McDonald*, 624 F. App'x 699, 701 (11th Cir. 2015). The adverse employment action is unlawful if race or national origin was a motivating factor, even though other factors also motivated the action. *Id.* The adverse action Plaintiff alleges is that he received a letter

of reprimand for being absent without leave of absence ("AWOL") and a letter of termination during his probationary period. (Doc. 8, ex. 1).

There is no indication in any of Plaintiff's allegations that Plaintiff's race was the motivating factor in his letter of reprimand or his termination. In fact, in Plaintiff's complaint he claims that when he requested leave he did not follow the procedure to forward his request up the chain-of-command when his immediate supervisor was unavailable. (Doc. 8, ex. 1). Plaintiff was charged with AWOL because he decided to take his leave even though he failed to get approval. (*Id.*) Additionally, Plaintiff's charge of AWOL was removed by another supervisor less than a month later. (*Id.*).

Plaintiff's own complaint also details the reasons he was given for his termination during his probationary period. (*Id.*). First, two patients complained to Plaintiff's supervisors because he "rudely talked over a guest speaker, made demeaning comments to patients regarding their use of pain medications, submitted inaccurate information to patient medical records, and intimidated patients by threatening to cancel treatment group." (*Id.*). Next, Plaintiff left his work area without permission on two separate occasions. (*Id.*). And finally, Plaintiff physically intimidated a colleague when they passed in a corridor. (*Id.*). Plaintiff's claim under Title VII fails because he never alleged that his race was a factor, let alone a motivating factor, in the VA's decision to reprimand him for being AWOL or terminating him. *Palmer*, 624 F. App'x at 702 (finding that a plaintiff failed to state a claim for employment discrimination under Title VII because his allegations did not show that any actions were taken because of his race or national origin).

Additionally, to the extent that Plaintiff is purporting to allege age discrimination, his claim fails because he has not alleged any facts to support a prima facie case. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) ("To make a prima facie case of age discrimination, an

employee must show: (1) he was a member of the protected group between the age of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged.").

### IV.   Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Amended Complaint (Doc. 8) be **DISMISSED**.

Recommended in Ocala, Florida on February 12, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy